UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| ROBERT C. MITCHELL, III et al. ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:05-cv-203 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| MICHIGAN DEPARTMENT OF ) | |
| CORRECTIONS et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER TO PROCEED IN FORMA PAUPERIS

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by two plaintiffs who are incarcerated at the Carson City Correctional Facility. Plaintiffs have sought leave to proceed *in forma pauperis* in compliance with 28 U.S.C. 1915(a). The Court hereby grants Plaintiff Mitchell's motion (docket #2) and denies Plaintiff Milstead's motion (docket #16). The Court nevertheless must require payment of the entire filing fee in installments, in accordance with the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 28 U.S.C. § 1915(b)(1); *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). At the time Plaintiffs filed their action in the Eastern District of Michigan, the filing fee for a civil action was $150.00. Because there are multiple Plaintiffs, each Plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, each Plaintiff is liable for $75.00. Any subsequent dismissal of a Plaintiff's case, even if voluntarily, does not negate that Plaintiff's responsibility to pay the fee. *McGore*, 114 F.3d at 607.

I.      *Robert Mitchell*

Normally, a plaintiff must a pay a portion of the civil action filing fee as an initial partial filing fee. The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). According to the certified copy of Plaintiff Mitchell's prison trust account statement, Plaintiff had an average monthly deposit of $60.83 over the past six months. Twenty percent of Plaintiff's average monthly deposits is $12.17. However, according to the certified copy of Plaintiff's prison trust account statement, Plaintiff was without sufficient financial resources to pay the initial partial filing fee at the time the complaint was filed. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), Plaintiff must be allowed to bring this case without payment of the initial partial filing fee. *McGore*, 114 F.3d at 606.

However, although § 1915(b)(4) permits Plaintiff to avoid the payment of an initial partial filing fee at this time, the court still is required to impose an initial partial filing fee of $12.17 and, when funds become available, Plaintiff must pay this fee. *McGore*, 114 F.3d at 606.

> Even if the account balance is under ten dollars, prison officials must still forward payments to the district court to pay the initial partial filing fee. The ten-dollar rule of § 1915(b)(2) is applicable to fees and costs due only after the initial partial filing fee is paid. Once the initial partial filing fee is paid in full, the ten-dollar and twenty-percent requirements of § 1915(b)(2) become applicable.

*Id.*

Once Plaintiff has paid the initial partial filing fee, he must pay the remainder of his $125.00 filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. 28 U.S.C. § 1915(b)(2). These payments will be forwarded

by the agency having custody of the prisoner to the Clerk of this Court each time the amount in Plaintiff's trust account exceeds $10.00, until the filing fee of $75.00 is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month. *Hampton*, 106 F.3d at 1284-1285.

      II.    *Charles Milstead*

Plaintiff Milstead has requested leave of court to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), and he has filed both an affidavit of indigence and a certified copy of his prisoner trust account statement. Plaintiff's portion of the civil action filing fee is $75.00. Plaintiff has filed a trust account statement, which shows that over the past six months Plaintiff has had an average monthly deposit of $133.20. At the time of filing his petition, Plaintiff had a spendable balance of $122.86.

The Court should only grant leave to proceed *in forma pauperis* when it reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). It is not unreasonable to require a prisoner to devote a portion of his discretionary funds to defray the costs of his litigation. *See Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 267 (7th Cir. 1987). Plaintiff's financial documents indicate that he has sufficient resources to pay the $75.00 filing fee. Therefore, Plaintiff is not entitled to proceed *in forma pauperis* in this action. Plaintiff has thirty days from the date of entry of this order to pay his $75.00 filing fee. If Plaintiff fails to pay the filing fee within the thirty-day period, his case will be dismissed without prejudice.

In light of the foregoing, the Court orders the following:

IT IS ORDERED that Plaintiff Mitchell's motion for leave to proceed *in forma pauperis* (docket #2) is granted. Plaintiff Mitchell may proceed *in forma pauperis* without payment of an initial partial filing fee because Plaintiff was without sufficient financial resources at the time the complaint was filed. Plaintiff will remain liable for the initial partial filing fee of $12.17 as funds become available.

IT IS FURTHER ORDERED that the agency having custody of Plaintiff Mitchell shall collect the initial partial filing fee of $12.17 as soon as funds become available. After the initial partial filing fee has been paid, the agency having custody of Plaintiff Mitchell shall collect the remaining filing fee of $62.83. As outlined above, each month that the amount in Plaintiff's account exceeds $10.00, the agency shall collect 20 percent of the preceding month's income and remit that amount to the Clerk of this court. The agency shall continue to collect monthly payments from Plaintiff's prisoner account until the remaining filing fee is paid in full.

IT IS FURTHER ORDERED that Plaintiff Milstead's application for leave to proceed *in forma pauperis* (docket #16) is DENIED.

IT IS FURTHER ORDERED that within thirty days of this order, Plaintiff Milstead shall pay the $75.00 filing fee to the Clerk of this Court. Plaintiff's failure to comply with this order will result in dismissal of his case without prejudice

Dated: May 31, 2005                                  /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**