UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CLEVELAND MITCHELL, III,

    Plaintiff,

Case No. 1:05-cv-203

Hon. Gordon J. Quist

vs.

MICHIGAN DEPARTMENT OF
CORRECTIONS and PATRICIA CARUSO,

    Defendants.
    _____/

**ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSIVE JOINDER AND
STRIKING MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is before the court on plaintiff's "motion for permissive join[d]er of parties" pursuant to Fed. Rules Civ. Proc. 20(a) (docket no. 40) and for entry of default judgment (docket no. 51).

In his complaint, plaintiff alleges that Michigan Department of Corrections (MDOC), Director's Office Memoranda (DOM) 2004-8 violates his First and Fourteenth Amendment rights. DOM 2004-8 restricted prisoners from having "any books, pamphlets, forms or other material regarding actions that can be taken under the UCC." *See* DOM 2004-8 (March 30, 2004) Plaintiff also alleges that defendants failed to train employees, abused process, and inflicted mental and emotional distress on him and other prisoners.

**Motion for Permissive Joinder and First Amended Class-Action Complaint**

In his motion for permissive joinder, plaintiff seeks to file a 68-page "First Amended Class-Action Complaint," which adds five new plaintiffs (James Deven Harris-El, Robert Earl Rice-El, Kelly Colvin, John Henry McMurry-Bey, and Derrick Little-El) and three new defendants

(Michigan Attorney General Michael Cox, Warden Kurt Jones and Litigation Coordinator Jacque Mallory). Although plaintiff purports to seek the permissive joinder of other parties under Fed. Rules Civ. Proc. 20(a), he also seeks to amend his complaint pursuant to Fed. Rules Civ. Proc. 15 by adding claims against three new defendants and re-asserting a class-action on behalf of all prisoners incarcerated by the MDOC. Accordingly, plaintiff's motion requires the court to review both the joinder provisions of Rule 20(a) and the amendment provisions of Rule 15(a). *See Chavez v. Illinois State Police*, 251 F.3d 612, 632-33 (7th Cir. 2001) (both Rule 15 and Rule 20 are implicated in determining whether plaintiff can amend complaint to add new plaintiff); *Hinson v. Norwest Financial South Carolina, Inc.,* 239 F.3d 611, 618 (4th Cir. 2001) ("a court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)").

Rule 15(a) provides that a party may amend a pleading upon leave of court and "that leave shall be freely given when justice so requires." However, justice does not require the court to grant leave to file a futile amendment. *See Alexander v. Margolis*, 921 F. Supp. 482, 485 (W.D. Mich. 1995), *aff'd* 98 F. 3d 1341 (6th Cir. 1996) ( "[i]f the amendment will be futile . . . justice does not require the court to grant leave"). *See generally, Hahn v. Star Bank*, 190 F. 3d 708, 715-718 (6th Cir. 1999); *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 995-96 (6th Cir. 1994).

Plaintiff's proposed "First Amended Class-Action Complaint" is such a futile amendment. First, plaintiff's proposed amended complaint seeks to certify this suit as a class action.[1] This court has already rejected plaintiff's attempt to transform his claim into a class action suit. In an order entered October 19, 2005 (docket no. 25), this court denied plaintiff's motion for class-certification because plaintiff, an incarcerated, *pro se* litigant, cannot represent a class. Plaintiff shall not be allowed to disregard the court's order by re-alleging the class action in an amended complaint.

Second, plaintiff has not demonstrated exhaustion of his claims against the three new defendants. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516; *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.) (1998). As part of his First Amended Class-Action Complaint, plaintiff has attached a Step One grievance dated December 7, 2005. This unexhausted grievance, filed after the commencement of this suit, cannot serve as a basis for plaintiff's claims raised in either his original complaint or his First Amended Class-Action Complaint. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (the plain language of 42 U.S.C. § 1997e(a) "makes exhaustion a precondition to filing an action in federal court"). Finally, none of the additional plaintiffs have demonstrated exhaustion against any

---

[1] *See, e.g.*, ¶ 25 of the amended complaint, in which "[p]laintiffs move this Honorable Court to certify a class consisting of all 50,000 male and female prisoners who are presently imprisoned within the Michigan Department of Corrections."

defendants.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Brown*, 139 F.3d at 1104. Accordingly, plaintiff's First Amended Class-Action Complaint fails to meet the requirements of Rule 15(a).

Furthermore, permissive joinder pursuant to Rule 20(a) is inappropriate in this case. Rule 20(a) provides in pertinent part as follows:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

"In making a joinder decision, the district court is guided by the underlying purpose of joinder, which is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (internal quotations omitted).

The underlying purpose of joinder will not be served by allowing plaintiff to file his First Amended Class-Action Complaint. This court has ruled that plaintiff cannot represent a class because he is an incarcerated, *pro se* litigant. Nevertheless, plaintiff has renewed his attempt to assert a class-action and seeks to join five new incarcerated, *pro se* litigants to act as class representatives. Plaintiff's litigation tactics do not promote trial convenience or expedite the resolution of this dispute. On the contrary, plaintiff's attempts to create a class action merely delay the resolution of his claim. Furthermore, plaintiff's motion for joinder attempts to circumvent the PLRA by allowing other prisoners to join in the litigation without exhausting claims or paying their

proportionate share of the filing fee.[2]  Accordingly, plaintiff's motion for joinder (docket no. 40) is **DENIED**.

### Motion for Entry of Default Judgment

The motion for entry of default judgment purports to be brought by plaintiff and the five "new" *pro se* plaintiffs listed in the "First Amended Class-Action Complaint."  As the court previously discussed, these five individuals are not parties to this litigation and have no standing to file motions in this suit.  Accordingly, plaintiff's motion for entry of default judgment (docket no. 51) is **STRICKEN** and **REMOVED** from the docket.

**IT IS SO ORDERED.**

Dated:  March 31, 2006         /s/ Hugh W. Brenneman, Jr.
                               Hugh W. Brenneman, Jr.
                               United States Magistrate Judge

---

[2] Each prisoner plaintiff is proportionately liable for both fees and costs.  *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997).