UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CLEVELAND MITCHELL III,

        Plaintiff,

Case No. 1:05-cv-203

Hon. Gordon J. Quist

vs.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a § 1983 civil rights action against defendants. In his suit, plaintiff alleges that Michigan Department of Corrections (MDOC), Director's Office Memoranda (DOM) 2004-8 violates his First and Fourteenth Amendment rights. DOM 2004-8 restricted prisoners from having "any books, pamphlets, forms or other material regarding actions that can be taken under the UCC." *See* DOM 2004-8 (March 30, 2004). In his complaint, plaintiff seeks declaratory relief, injunctive relief and damages.

This matter is now before the court on "plaintiffs' emergency ex parte motion for a preliminary injunction" (docket no. 26). In his motion, plaintiff seeks an ex parte order to retrieve certain "internet generated 'Uniform Commercial Code directions'" which he received in the mail. Motion at ¶ 10. Plaintiff states that he obtained this information "with the intent of using said documentation as litigation work-product materials that are critical and which [p]laintiff depends exclusively upon to successfully establish the permissable usage and application of the UCC as

applied in this case." *Id.* Plaintiff further states that prison officials seized this information as contraband after he filed suit. *Id.* at ¶ 11.

Plaintiff seeks the following relief:

(1). That [d]efendants and their officials, agents, representatives, employees and assigns allow [p]laintiff Mitchell immediate access to the necessary "work product" Uniform Commercial Code materials that are critical to the prosecution of this pending lawsuit; and

(2). That the [d]efendants and their officials, agents, representatives, employees and assigns are enjoined from interfering with, prohibiting, thwarting, and/or engaging in any conduct that may chill [p]laintiff Mitchell's ability to prepare and prosecute this cause of action; and

(3). Defendants pay for all the above-referenced procedures and security; and

(4). In the alternative, [p]laintiff ask [sic] this Honorable Court to issue an <u>immediate</u> show cause order to the [d]efendants and their officials, agents, representatives, employees and assigns to demonstrate why a preliminary injunctive [sic] should not be issued;

(5). Any other, further and different relief this Honorable Court deems just and proper.

Ex parte motion for preliminary injunction at 5-6 (emphasis in original).

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). In reviewing requests for injunctive relief, the court considers (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998);

*McPherson v. Mich. High School Athletic Ass'n,* 119 F.3d 453, 459 (6th Cir. 1997)(en banc). Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984).

It is unnecessary for the court to address the merits of plaintiff's claims because his motion for an ex parte preliminary injunction is procedurally improper. Fed. Rules Civ. Proc. 65(a)(1) provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." *See Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 130-31 (5th Cir. 1990) ("[t]he courts consistently have treated rule 65(a)(1) as mandatory and have not hesitated to dissolve preliminary injunctions issued without notice or the opportunity for a hearing on disputed questions of fact and law"); *Consolidation Coal Co. v. Disabled Miners of Southern W. Va.*, 442 F.2d 1261, 1269 (4th Cir. 1971) (court's issuance of an ex parte preliminary injunction "was manifestly error, because Rule 65(a)(1) is explicit that 'no preliminary injunction shall be issued without notice to the adverse party'").

Plaintiff's status as a pro se litigant does not excuse him from these procedural requirements. Pro se litigants "are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991). However, a pro se litigant is not entitled to special consideration with respect to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer. *Id.* at 109-10. *See Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999) ("Pro se litigants are required to follow the rules of civil procedure and easily-understood Court

3

deadlines"). Accordingly, plaintiff's motion for the issuance of an ex parte preliminary injunction should be denied.

I respectfully recommend that plaintiff's ex parte motion for a preliminary injunction (docket no. 26) be **DENIED**.


Dated:  March 31, 2006                          /s/ Hugh W. Brenneman, Jr.
                                                Hugh W. Brenneman, Jr.
                                                United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).